GODFREY PLANTE *et al. vs.* THE CONKLIN LIMESTONE COMPANY, INC. *et al.*

MAY 8, 1959.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

Powers, J.  After our decision in the above cause, *Plante* v. *Conklin Limestone Co.*, 88 R. I. 191, 143 A.2d 827, the respondent company requested and received permission to file a motion for reargument.  Pursuant to this permission it filed such a motion which was granted, *Plante* v. *Conklin Limestone Co.*, 88 R. I. 201, 146 A.2d 13, and the cause was reargued on five points.  The Conklin Limestone Company will hereafter be referred to as the respondent.

For obvious reasons we shall first consider the fifth point, namely, that respondent is in possession of newly discovered evidence.  The newly introduced evidence consists of thirteen exhibits which were not introduced in evidence at the trial in the superior court and did not constitute any part of the record on which our original conclusions were reached.  These exhibits were added to the record by agreement of counsel and with the consent of the court.  Otherwise they would not have been considered by us.

The respondent's second point is that in its original opinion this court erred in failing to understand that the reservation by Jeremiah Smith in his deed of 1809 to Simon and Winsor Aldrich related to only a one-third interest in the 44 acres therein conveyed.  It argues that this is so because there was already a reservation of a one-third interest in Simon Aldrich, one of the grantees in the conveyance by Smith, and a one-third interest reserved by Samuel and Thomas Mann.  This contention presupposes that the 44 acres comprising the Jeremiah Smith conveyance were a part of the 72 acres devised by Jonathan Harris in undivided thirds to his grandsons, Stephen Harris, Abner Harris and Jonathan Lapham.  On the state of the record as it was originally considered by us, there was no evidence to show that the 44 acres conveyed by Jeremiah Smith were in fact a part of the 72-acre tract devised by Jonathan Harris.  Therefore we did not misconceive or misinterpret the evidence as it was considered by the trial justice and reviewed by us.

Several of the exhibits which were added to the record on reargument clearly establish that the 44-acre tract conveyed by Jeremiah Smith to Simon and Winsor Aldrich in 1809 was a part of the Jonathan Harris devise and as such was subject to an undivided one-third interest vested in Simon Aldrich and an undivided one-third in Samuel and Thomas Mann. It is to be observed that Stephen Harris conveyed his undivided one-third in the 72 acres to Jeremiah Smith in 1791, Abner Harris conveyed his one-third interest to Simon Aldrich in 1800 and Jonathan Lapham conveyed his one-third interest to Samuel and Thomas Mann in 1792.

In our original opinion we held that since the trial justice found, and all parties agreed, that complainants' 22 acres were in fact a part of the 44 acres conveyed by Jeremiah Smith, it followed that the only question before us was whether or not the reservation made by Jeremiah Smith ever vested in respondent. We further held that the exhibits tending to show limestone reservations in the Jonathan Harris 72 acres were immaterial.

The respondent's third point is that our conclusion as to the immateriality of such exhibits was error in that we misconceived their true import. Although it is now clear by reason of the evidence added to the record on reargument that the exhibits not considered by us were in fact material to the issue, nevertheless they were immaterial on the state of the record as it was originally reviewed.

Therefore, in respect to respondent's second and third points in the order that we have considered them, it remains for us to determine, first, whether or not we are required to alter our earlier opinion, namely, that the property conveyed by the heirs of Jeremiah Smith to the Harris Lime Rock Company in 1848, and subsequently from the latter to respondent in 1946, was a specific tract of land comprising a certain ledge known as "North Hill Ledge, mentioned in some of the deeds as the Harris North or Jointa Hill or

ledge, and shown on the plat surveyed for the commissioners as the 'Jointa Lime Rock hole' "; and, secondly, whether or not the one-third interest of Simon Aldrich and the one-third interest of Samuel and Thomas Mann ever vested in respondent. If so, there remains the further question whether or not complainants' 22 acres are subject to these interests.

After a careful study of all the briefs submitted, consideration of the oral arguments, and a detailed examination of the record as presently constituted, we are convinced that the trial justice was not clearly wrong in finding that the conveyance from the heirs of Jeremiah Smith to Harris Lime Rock Company referred to a specific and definite tract not within complainants' 22 acres. Our opinion in that regard remains unchanged.

We are equally convinced that respondent has not acquired any rights in complainants' property stemming from the limestone reservations made by Simon Aldrich and Samuel and Thomas Mann. Simon Aldrich, by deed dated December 26, 1825, conveyed to his grandson, Simon Aldrich III, the property acquired by him from Abner Harris, which conveyance we have previously mentioned, reserving to himself and his heirs all "the Lime Rock on the first described lot or belonging thereunto and liberty to pass and to repass to and from said Lime Rocks * * *." This instrument included property not a part of the Abner Harris conveyance.

Later, by will dated February 16, 1828, Simon devised the limestone rights thus reserved to his daughter Anna Sayles, who by a conveyance dated May 14, 1845 granted to The Harris Lime Rock Company: "The tract of land, with a ledge of Lime rock, Lime kilns, Lime houses, and other improvements thereon situate in said Smithfield and known as the Harris North Jointa Hill or Ledge and including therewith all and singular, any rights and privileges of excavating and digging for and burning on, and removing

from said hill on Ledge, the Lime Rock thereon meaning to include all that portion of the land and of the Lime Rock thereon /now held by me/ situate on said Harris North on Jointa Hill or Ledge which I inherited as one of the Devizees, under the last will and testament of my late Father Simon Aldrich deceased."

It is to be observed that the language used in this conveyance is almost identical with that used in the conveyance by the heirs of Jeremiah Smith to the Harris Lime Rock Company. We are of the opinion that it does refer to the same property and consequently is subject to the same conclusion reached by the trial justice in connection with the grant from the heirs of Jeremiah Smith. The Anna Sayles conveyance of 1845 also includes a grant of property not a part of the Abner Harris conveyance and has no probative value here.

Samuel and Thomas Mann in 1807 conveyed their undivided third interest, acquired from Jonathan Lapham, to Winsor Aldrich, reserving to themselves and their heirs "all the Lime Rocks on said premises or belonging thereto * * *." These reservations, by several intervening conveyances, became vested in William B. Mann who, in 1833, conveyed them to the Harris Lime Rock Company in the following language: "* * * all the right title and interest I have or of right ought to have in and unto the North Hill of Lime Rock situate in said Smithfield commonly called the Jointa Rock * * * ."

Here, as in the conveyances by Anna Sayles and the heirs of Jeremiah Smith to the Harris Lime Rock Company, the language employed in describing the property is so similar as to be almost identical. We are of the opinion that these interests, as well, are not part of complainants' 22 acres as was found by the trial justice with relation to the conveyance by the heirs of Jeremiah Smith.

The respondent contends that *Dexter Lime-Rock Co.* v. *Dexter,* 6 R. I. 353, is authority for the proposition that

such designations as Harris North Jointa Hill on Ledge, North Hill of Lime Rock, commonly called the Jointa Rock and North Hill Jointa Ledge refer to a stratum of lime wherever it may be found. The *Dexter* case simply holds that this may be true when used by geologists familiar with the characteristics of a limestone ledge, but it may also be used to describe or designate a specific place if so understood by the parties employing the descriptive terms.

We are of the opinion that the latter view is more persuasive in the case at bar if it is remembered that the Harris Lime Rock Company in its conveyance to respondent designated a specific tract as "North Hill Ledge" and described it as *surrounded* by land now or formerly of Charles R. Easton. The complainants' claim of title sets out the land now or formerly of Charles R. Easton as the 22 acres in controversy.

The respondent contends by its fourth point that we misconceived the law in that public laws 1940, chapter 938, requires complainants to show that they acquired the limestone reservations by adverse possession and that there is no evidence to support such a claim. This contention is wholly without merit. It is complainants' contention that the limestone reservations conveyed to respondent, wherever or whatever they may be, are not connected with complainants' 22 acres, as we have so held.

The remaining point raised by respondent on reargument is that this court erred in affirming the decree of the superior court wherein said decree declared that complainants were the owners in fee simple of the real estate described in the bill of complaint subject only to "any so-called mining rights of persons claiming by, through or under Jeremiah Lloyd Smith, deceased, in Lincoln, Rhode Island, about 1900."

The respondent contends that if this court were to hold that the conveyances by the heirs of Jeremiah Smith, Anna Sayles and William B. Mann referred to a specific portion

of the 44 acres, and we have so held, there are outstanding limestone rights in the remaining portion of the 44 acres in said heirs. We recognize that this contention may have some merit. Whether or not there are such outstanding limestone interests is not now before us but, assuming without deciding that they do exist, the rights of the heirs of Jeremiah Smith, Anna Sayles and William B. Mann cannot be foreclosed by these proceedings.

After careful consideration we are of the opinion that the complainants are entitled to a decree quieting their title against any claim of the respondent company, but subject to outstanding limestone rights, if any, in the heirs of Jeremiah Smith, Anna Sayles and William B. Mann. On May 20, 1959 the parties may present for our approval a form of decree, in accordance with this opinion, for entry in the superior court.

*Charles F. Cottam,* for complainants.

*John F. Doris, Lewis Z. Lavine, Ambrose V. Aylward,* for respondent The Conklin Limestone Company, Inc.

